UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
Sutherland Global Services, Inc.

                Plaintiff,

                                          **DECISION AND ORDER**

                                          11-CV-06425

          v.
Adam Technologies International, SA de C.V.

                Defendant.
_____

Sutherland Global Services, Inc. ("Petitioner"), filed the instant petition seeking a permanent stay of a notice of intention to arbitrate served by Adam Technologies International, SA de C.V. ("Respondent"). Now before the Court are the petition to permanently stay the notice and Respondent's motion to dismiss the petition.

**BACKGROUND AND PROCEDURAL HISTORY**

The petition relates to an underlying arbitration proceeding regarding a contract dispute between the parties, which is scheduled to proceed in late June 2012.[1] The parties have also been involved in litigation regarding this arbitration in the United States District Court for the Northern District of Texas

---

[1] The facts are taken from the petition and the exhibits attached thereto and the papers filed in connection with Respondent's motion to dismiss.

...

(Civil Docket No. 3:10-cv-01172-P). Following a decision by that court in October 2010, finding that arbitration of the dispute should proceed, an ancillary dispute arose regarding the appointment of arbitrators. Specifically, Petitioner objected to the arbitrator selected by the Respondent, Phillip Spellane, because Spellane had been involved in a prior mediation of the same dispute. The International Center for Dispute Resolution ("ICDR"), a division of the American Arbitration Association, then issued an administrative ruling removing Spellane on June 6, 2011.

Thereafter, on July 8, 2011, counsel for the Respondent submitted a notice of intention to arbitrate the removal of Spellane. That same day, the ICDR informed the parties by e-mail that "the removal of the challenged arbitrator Spellane was decided and confirmed by the ICDR, in its sole discretion as [an] administrative decision," thereby rejecting the notice of intention to arbitrate. Exhibit 8 to the Petition (Docket No. 1-2). It then directed Respondent to select another arbitrator by July 12, 2011. Respondent failed to do so, and the ICDR appointed Richard Rosenbloom as Respondent's arbitrator.

Pursuant to New York Civil Practice Law and Rules Section 7503, Petitioner filed an Order to Show Cause and a Verified Petition in New York State Supreme Court, Monroe County, within twenty days of receiving the July 8, 2011 notice of intention to arbitrate, seeking a permanent stay of the arbitration regarding

the appointment of Spellane.  Respondent removed the case to this Court and initially opposed the petition.[2]

Respondent then filed a motion for judgment on the pleadings, in which it contends that the arbitration regarding the appointment of Spellane did not commence, because the ICDR rejected the initial notice of intention to arbitrate when, on July 8, 2011, it informed the parties that, "the removal of the challenged arbitrator Spellane was decided and confirmed by the ICDR, in its sole discretion as [an] administrative decision." Accordingly, Respondent contends that there is simply no pending arbitration which could be stayed by this Court and therefore, there is no case or controversy over which this court may exercise its jurisdiction.

Petitioner opposes the motion contending that the notice of intention to arbitrate has not been formally withdrawn. It also contends that the petition is ripe for determination because the Respondent has not presented proof that the arbitration is not pending and because the Respondent initially opposed the petition on the grounds that arbitration of this issue was mandated by the underlying contract - a position which has now been abandoned.

---

[2]Respondent also raised a similar issue in the Texas district court - specifically, seeking the reappointment of Spellane.  In an Order dated June 18, 2012, that Court denied Respondent's request to appoint Spellane because it was an administrative decision of the ICDR and "it is not the Court's role to interfere in the procedural methods of the ICDR, especially when it appears that the ICDR is following the procedures it has put in place." Adam Technologies International S.A. de C.V. v. Sutherland Global Services, Inc., No. 10-CV-01172-P, (N.D.Tex, Jun. 18, 2012). In that Order, the Court also denied a motion to vacate an Order sending the parties to arbitration and a motion for an emergency stay of the arbitration.

Based on this Court's review of the record and the applicable law, the Court finds that there is no case or controversy over which the Court may exercise its jurisdiction.  An arbitration relating to the appointment of Spellane has not commenced, and any threat that an arbitration on this issue will commence is too speculative for this Court to determine whether it should be stayed.

## **DISCUSSION**

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  The court must be presented with a dispute that can affect the rights of the litigants and the law confines [the court] to resolving " 'real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Id. Further, the dispute must continue throughout the controversy; the Court simply may not issue advisory opinions or determine disputes which are not ripe or are merely speculative. Id.

Here, Respondent contends that a case or controversy does not exist because an arbitration which could be stayed has not commenced.  The Court agrees.

The International Dispute Resolution Procedures governing arbitration in the ICDR state that an arbitration is commenced "on

the date on which the administrator receives the notice of arbitration" and that "[u]pon receipt of the notice of arbitration, the administrator shall communicate with all parties with respect to the arbitration and shall acknowledge the commencement of the arbitration."  Exhibit 10 to the Petition (Docket No. 1-2). The notice in this case was rejected upon receipt by the ICDR and accordingly, the ICDR did not acknowledge the commencement of the arbitration.  The ICDR rules submitted to the Court do not indicate a procedure to formally withdraw a notice of intention to arbitrate, or that such a step is necessary when the notice is not even accepted in the first instance by the ICDR.

Petitioner speculates that if Respondent were to seek to precede with an arbitration of this issue (if that is even possible), and if the ICDR were to reverse its original course and entertain such a request, that a case or controversy would exist. However, Respondent has abandoned any claim he may have had that this dispute is arbitrable.  Respondent represents to the Court that it considers the response from the ICDR to its notice of intention to arbitrate as a final rejection to the notice, and a rejection of any arbitration which it sought to commence regarding the appointment of Spellane.  The dispute regarding Spellane has been finally determined through the ICDR's response to the notice and the Texas district court's denial of a motion to appoint Spellane.

While Petitioner argues that Respondent has not submitted <u>proof</u> that the arbitration has not commenced, the Court finds that the ICDR rules, the ICDR's actions and Respondent's representations to this Court regarding the ICDR's rejection of the notice are sufficient to establish that an arbitration on this issue has not commenced. Absent a change in circumstances, such as a future attempt by the Respondent to reassert any arbitration based on this notice, which is merely speculation, the Court finds that there is no case or controversy under Article III of the Constitution over which it may exercise its jurisdiction.

Therefore, Respondent's motion to dismiss is granted and the petition is dismissed. The parties shall bear their own costs and attorney's fees.

**ALL OF THE ABOVE IS SO ORDERED.**

                                              s/ Michael A. Telesca
                                                 MICHAEL A. TELESCA
                                        United States District Judge

Dated:    Rochester, New York
             June 22, 2012